NO. 07-10-00348-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL A
 
--------------------------------------------------------------------------------
MAY 19, 2011
--------------------------------------------------------------------------------

 
 RICARDO DEWAYNE GOMEZ, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 242ND DISTRICT COURT OF HALE COUNTY;
 
 NO. B18320-1003; HONORABLE EDWARD LEE SELF, JUDGE
--------------------------------------------------------------------------------

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION
 Appellant, Ricardo DeWayne Gomez, was convicted by a jury of the offense of aggravated assault on a peace officer. Appellant proceeded to the trial court for determination of punishment and, after hearing the evidence the trial court assessed a term of confinement for 10 years and a $5,000 fine. Appellant gave notice of appeal. We will affirm the judgment of the trial court.
Appellants attorney has filed an Anders brief and a motion to withdraw. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial courts judgment. Additionally, counsel has certified that he has provided appellant a copy of the Anders brief and motion to withdraw and appropriately advised appellant of his right to file a pro se response in this matter. Stafford v. State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991). The Court has also advised appellant of his right to file a pro se response. Appellant has filed a response. 
By his Anders brief, counsel reviewed all grounds that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed these grounds and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no such arguable grounds and agree with counsel that the appeal is frivolous.
Appellant contends in his response that the evidence was not sufficient to sustain the jury's verdict and that he received ineffective assistance of counsel. We have reviewed the totality of the record and find that any issue attacking the sufficiency of the evidence to support the jury verdict is frivolous. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). As to appellant's contentions of ineffective assistance of counsel, the record does not support them, and they are likewise frivolous. See Salinas v. State, 163 S.W.3d 734, 740 (Tex.Crim.App. 2005).
Accordingly, counsels motion to withdraw is hereby granted and the trial courts judgment is affirmed.

 Mackey K. Hancock
 Justice 
Do not publish.